**Ricci PEREZ–GOMEZ, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 07–71371.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 15, 2011.*

Filed Feb. 28, 2011.

Scott Mossman, Law Office of Scott A. Mossman, Oakland, CA, for Petitioner.

Stephen Elliott, Esquire, James Arthur Hunolt, Senior Litigation Counsel, Kiley L. Kane, Esquire, Trial, OIL, U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

MEMORANDUM **

Ricci Perez–Gomez, a native and citizen of Nicaragua, petitions for review of the Board of Immigration Appeals' ("BIA") decision dismissing his appeal from an immigration judge's ("IJ") removal order. We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, *Castillo–Cruz v. Holder*, 581 F.3d 1154, 1158–59 (9th Cir.2009), and we dismiss in part and deny in part the petition for review.

The IJ determined that Perez–Gomez was removable under 8 U.S.C. § 1227(a)(2)(A)(ii), as an alien who has been convicted of two crimes involving moral turpitude, and that he was ineligible for former section 212(c) relief. We lack jurisdiction to review these determinations because Perez–Gomez failed to challenge them before the BIA and thereby failed to exhaust his administrative remedies. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004). Perez–Gomez's contention that he qualifies for an exception to the exhaustion requirement is unpersuasive.

Because Perez–Gomez's 1985 conviction for lewd and lascivious acts with a child under fourteen in violation of Cal.Penal Code § 288(a) constitutes an aggravated felony as defined in 8 U.S.C. § 1101(a)(43)(A), *see United States v. Baron–Medina*, 187 F.3d 1144, 1146–47 (9th Cir.1999), the agency did not err in concluding that he was statutorily ineligible for cancellation of removal under 8 U.S.C. § 1229b(a)(3). *See Aragon–Ayon v. INS*, 206 F.3d 847, 853 (9th Cir.2000) ("Congress intended the 1996 amendments to make the aggravated felony definition apply retroactively to all defined offenses whenever committed . . .").

** This disposition is not appropriate for publication and is not precedent except as provid-

PETITION FOR REVIEW DISMISSED in part; DENIED in part.